IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ALVIS ANDREW LOWE,** | ) | **CASE NO. 05-71129** |
| | ) | |
| Debtor. | ) | **CHAPTER 7** |

## MEMORANDUM DECISION

The matter before the Court is the Debtor's Motion to Reopen his closed case for the purpose of filing an action to avoid a certain judgment lien recorded against his residence. For the reasons noted below, the court will deny the Motion.

FACTS

The Debtor filed his individual petition seeking relief under Chapter 7 on March 29, 2005. Schedules A and D reflect that he owned certain property as tenants by the entirety valued at $74,000.00 and subject to a first lien of $62,000.00. On Schedule C, the Debtor claimed the property as exempt under Va. Code § 55-21 to protect $12,000 in equity. No homestead exemption in this equity was claimed. An Order granting discharge was entered on June 27, 2005. In his pending motion to reopen, the Debtor alleges that he recently attempted to sell his home and discovered that a creditor listed on his Chapter 7 schedules, Stephens Pipe & Steel, LLC, had recorded a judgment lien against the subject property for the debt discharged under his bankruptcy proceeding. In order to move forward with the sale of his home, the Debtor states that he must first bring appropriate actions against the judgment lien creditor in order to avoid the lien.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  A motion to reopen a closed bankruptcy case is clearly one which relates to the Court's supervision of its own docket and therefore is clearly a "core" bankruptcy matter.  An action to avoid a judgment lien against property of a bankruptcy debtor is a "core" proceeding by virtue of 28 U.S.C. § 157(b)(2)(K).

11 U.S.C. § 522(f) provides that a lien, subject to certain exceptions not relevant here, can be avoided in a bankruptcy case if it "impairs an exemption to which the debtor would have been entitled under subsection (b) of this section."  Under Virginia law, property held as tenants by the entirety may be reached by joint creditors of both spouses, but not by creditors of either spouse alone.  *Williams v. Peyton (In re Williams)*, 104 F.3d 688, 690 (4th Cir. 1997).  The pending motion does not allege whether the judgment is a joint judgment or a judgment only against the Debtor.  If the former, the tenants by the entirety claim of exemption would be unavailing against a joint judgment.  If the judgment is only against the individual male Debtor, it could not be a lien against property held as tenants by the entirety and this Court could not provide relief.  The Court will not exercise its discretion to reopen a case when there is no showing that the relief sought is something to which the Debtor is entitled to obtain under the Bankruptcy Code.

By separate order the Court will deny the Debtor's Motion without prejudice to his right to file an amended Motion within fifteen (15) days seeking to reopen his case to obtain relief available to him under applicable provisions of the Bankruptcy Code as applicable to his circumstances.

This 18th day of October, 2006.

*William F. Stone, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE